IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAIME BAUTISTA<br>and LETICIA BAUTISTA,<br><br>Plaintiffs<br><br>V.<br><br>STATE FARM LLOYDS,<br>CHARLES EDWARD DAFFRON, JR.,<br>and AURELIO VILLARREAL,<br><br>Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br><br><br>5:15-cv-246<br><br><br><br><br>JURY REQUESTED |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME State Farm Lloyds, Charles Daffron, and Aurelio Villarreal and file this Notice of Removal pursuant to 28 U.S.C. § 1446(a) (2015). In support hereof, State Farm Lloyds, Mr. Daffron, and Mr. Villarreal would respectfully show the Court as follows:

### BRIEF STATEMENT OF NOTICE

1. This action arises out of an insurance claim submitted by or on behalf of Plaintiffs Jaime Bautista and Leticia Bautista (jointly and severally, "Plaintiffs") to State Farm Lloyds under a homeowners insurance policy for alleged damage to Plaintiffs' dwelling reportedly caused by a hailstorm that happened on or about September 2, 2013. Plaintiffs are citizens of the State of Texas. State Farm Lloyds is an unincorporated insurance association whose underwriters are all citizens of states other than Texas[1]. Mr. Daffron and Mr. Villarreal, although citizens of the State of Texas,

---

[1] For purposes of ascertaining diversity jurisdiction, an unincorporated insurance association is considered to have the citizenship of its underwriters. See *Royal Insurance Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-883 (5th Cir. 1993), cert. denied, 511 U.S. 1032 (1994).

*Notice of Removal (Southern District*
*of Texas, Laredo Division)*                                                                          Page 1 of 15 Pages

have been improperly joined and their citizenship should therefore be disregarded for purposes of evaluating diversity of citizenship. Accordingly, because there is complete diversity of citizenship between the real parties in interest and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, jurisdiction is correctly vested in this Court. See *Burden v. General Dynamics Corp.*, 60 F.3d 213, 220-221 (5th Cir. 1995); see also, e.g., *Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678, at *4 (S.D. Tex. March 27, 2012) ("doctrine of improper joinder ... prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant"); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Insurance Co.*, 2011 WL 240335, at *2 (S.D. Tex. Jan. 20, 2011) ("[c]itizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction"); *Gonzales v. Homeland Insurance Co.*, 2011 WL 3104104, at *2 (S.D. Tex. July 25, 2011) ("presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity").

## PROCEDURAL BACKGROUND

2. Plaintiffs filed the Original Petition in Cause No. 9235, styled *Jaime Bautista and Leticia Bautista v. State Farm Lloyds, Charles Edward Daffron, Jr., and Aurelio Villarreal*, in the 49th Judicial District Court, Zapata County, Texas, on September 18, 2015. State Farm Lloyds, Mr. Daffron, and Mr. Villarreal were respectively served with the citations and duplicates of the Original Petition on October 5 (for State Farm Lloyds), October 3 (for Mr. Daffron), and October 5 (for Mr. Villarreal), 2015.

3. This Notice of Removal is filed by State Farm Lloyds, Mr. Daffron, and Mr. Villarreal within thirty (30) days[2] after the earlier or earliest of the dates on which State Farm Lloyds,

---

[2] Recall that Rule 6(a) of the Federal Rules of Civil Procedure applies to the determination of the proper deadline for removal under 28 U.S.C. § 1446(a) (2015). That is, if the thirtieth (30th) day for removal of an action to federal court falls on a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible, the proper deadline for removal is the next succeeding

Mr. Daffron, or Mr. Villarreal were respectively served with Plaintiffs' Original Petition and citation[3]. It is therefore timely under 28 U.S.C. § 1446(b) (2015).

## NATURE OF THE ACTION

4.  This action involves a dispute over an insurance claim reported by or on behalf of Plaintiffs under a homeowners insurance contract for alleged damage to Plaintiffs' dwelling purportedly caused by a hailstorm that happened on or about September 2, 2013. In the Original Petition and Request for Rule 194.2 Disclosures ("Original Petition"), Plaintiffs seek "judgment against the [sic] DEFENDANTS [sic] for actual attorney's [sic] fees, costs of suit, mental anguish, statutory penalties, and pre[-]judgment and post[-]judgment interest, including judgment for additional damages and punitive damages[.]" See *Plaintiffs' Original Petition* at § XIII, p. 12, included with the *Index of State Court Papers* attached as <u>Exhibit A</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes.

5.  As support for the damages, penalties, and other amounts sought by Plaintiffs in the Original Petition, Plaintiffs allege that:

   (a)  "DEFENDANTS [sic] have, by its [sic] conduct, breached its [sic] insurance contract with PLAINTIFFS [sic]." See *Plaintiffs' Original Petition* at § VI, p. 5, included with the *Index of State Court Papers* attached as <u>Exhibit A</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes.

   (b)  "DEFENDANTS [sic] have engaged in ... violations of the [Texas Deceptive Trade Practices – Consumer Protection Act ['DTPA']";"[t]he conduct of DEFENDANTS [sic] [w]as more than just a mistake and was done 'knowingly' and/or [sic] 'intentionally' as that term [sic] is derived by statute"; and "PLAINTIFFS [sic] seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages." See *id.* at § VII, pp. 5-6.

---

business day. See *Freeze v. Coastal Bend Foot Specialist*, 2006 WL 3487405, at *2 (S.D. Tex. Dec. 1, 2006).

[3] Note, however, that improperly joined defendants (here, Mr. Daffron and Mr. Villarreal) do not constitute first-served defendants for purposes of the thirty-day removal requirement. See *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); see also, e.g., *Hodges v. Hartford Insurance Co.*, 2006 W.L. 1983889, at *3 (N.D. Miss. July 12, 2006); *Henderson v. Ford Motor Co.*, 340 F.Supp.2d 722, 723-724 n.2 (N.D. Miss. 2004); *Harrod v. Zenon*, 2003 WL 21748687, at *5 (E.D. La. 2003).

(c) "DEFENDANTS [sic] intentionally failed to fully investigate the losses... [and] intentionally ignored damages to the dwelling"; "DEFENDANTS [sic] concealed damages known by them to exist"; "DEFENDANTS [sic] knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFFS [sic] about the damages"; and "DEFENDANTS [sic] committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules[,] and regulations incorporated therein." See *id.* at §VIII, pp. 6-7.

(d) "DEFENDANTS [sic] knew or should have known in the exercise of reasonable diligence that their liability was reasonably clear"; "DEFENDANTS [sic] failed to conduct a reasonable and proper inspection of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete[,] and biased reasons to avoid paying a claim"; and "DEFENDANTS [sic] breached its [sic] duty to deal fairly and in good faith with PLAINTIFFS [sic]." See *id.* at § IX, pp. 9-10.

(e) "DEFENDANTS [sic] have failed to comply with the requirements of Chapter 542 [of the Texas Insurance Code]"; and "[p]ursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS [sic] is [sic] entitled to recover from DEFENDANTS [sic] the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS' [sic] claim, together with attorney's [sic] fees, for which they sue." See *id.* at § X, pp. 10-11.

6. The insurance claim made the basis of this action was reported by or for Plaintiffs to State Farm Lloyds on or about December 5, 2014. State Farm Lloyds acknowledged receipt of Plaintiffs' insurance claim on or about December 9, 2014; and inspected Plaintiffs' property on December 11, 2014. State Farm Lloyds also prepared an estimate of repairs to the storm damage that was observed in the course of the inspection of Plaintiffs' property and a payment of $4,682.26 was made on December 22, 2014, by State Farm Lloyds to Plaintiffs regarding their insurance claim. See *Declaration of Charles Daffron* attached as <u>Exhibit B</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes.

7. Mr. Daffron was not the adjuster that inspected Plaintiffs' property on behalf of State Farm Lloyds or who prepared on behalf of State Farm Lloyds the estimate of repairs to the storm damage that was observed during the inspection of Plaintiffs' property. Mr. Daffron did not participate in any way in the investigation or adjustment of Plaintiffs' insurance claim. He only

became involved with Plaintiffs' insurance claim from and after April 22, 2015, as a result of a letter dated January 27, 2015, from Plaintiffs' attorney informing State Farm Lloyds that he was representing Plaintiffs in connection with their insurance claim and that all future correspondence was to be sent to him. All telephone conversations in which Mr. Daffron was involved concerning Plaintiffs' insurance claim were with Plaintiffs' attorney or his office and all letters sent by or for Mr. Daffron concerning Plaintiffs' insurance claim were sent to Plaintiffs' attorney or his office. See *Declaration of Charles Daffron* attached as Exhibit B hereto, incorporated herein, and made a part hereof for all pertinent purposes.

8.  Mr. Villarreal likewise did not participate in the investigation or adjustment of Plaintiffs' insurance claim. He did not inspect Plaintiffs' property; did not evaluate the storm damages claimed by Plaintiffs; did not prepare any estimate of repairs in connection with Plaintiffs' insurance claim; and was not involved in making any type of coverage decision regarding Plaintiffs' property, the claimed damage to the property, or any items for which State Farm Lloyds would or would not pay. See *Declaration of Aurelio Villarreal* attached as Exhibit C hereto, incorporated herein, and made a part hereof for all pertinent purposes.

## BASIS FOR REMOVAL

9.  Removal is proper pursuant to 28 U.S.C. § 1332 (2015) because there is complete diversity of citizenship between Plaintiffs on the one hand and State Farm Lloyds on the other. The citizenship of Mr. Daffron and Mr. Villarreal is to be disregarded because they are sham defendants who have been improperly joined to defeat diversity jurisdiction. Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### *Diversity of Citizenship*

10. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, Plaintiffs were and are citizens of the State of Texas. See *Plaintiffs' Original*

*Petition*, at § II, p. 1; § III, pp. 2-3; and § IV, pp. 3-4, included with the *Index of State Court Papers* attached as <u>Exhibit A</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes.

11. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm Lloyds was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm Lloyds is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. See, e.g., *Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds*, 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same).

12. While Mr. Daffron and Mr. Villarreal are citizens of the State of Texas, they have been improperly joined by Plaintiffs in this action. The citizenship of both Mr. Daffron and Mr. Villarreal is to therefore be disregarded for diversity purposes. See, e.g., *Campbell v. Stone Insurance, Inc.*, 509 F.3d 665, 669 & 673 (5th Cir. 2007); *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572-573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 220-221 (5th Cir. 1995); see also *Leinneweber v. Unicare Life & Health Insurance Co.*, 2009 WL 3837873, at *1 & *3 (W.D. Tex. Nov. 12, 2009).

### *Mr. Daffron and Mr. Villarreal Have Been Improperly Joined*

13. Plaintiffs have sued all "Defendants" alleging breach-of-contract[4], violations of the DTPA, violations of Chapter 541 of the Texas Insurance Code, breach of the common-law duty of

---

[4] Mr. Daffron and Mr. Villarreal are not parties to the policy of insurance under which Plaintiffs purport to be claiming in this lawsuit. Consequently, neither of them can be held liable for any contended breach of contract. See *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); see also *Medistar Twelve Oaks Partners, Ltd. v. American Economy Insurance Co.*, 2010 WL 1996596, at *12 (S.D. Tex. May 17, 2010); *Ardila v. State Farm Lloyds*, 2001 WL 34109378, at *1 (S.D.Tex.July 17, 2001).

good faith and fair dealing[5], and violations of Chapter 542 of the Texas Insurance Code[6]. Plaintiffs have not alleged, however, any specific wrongdoing by either Mr. Daffron or Mr. Villarreal that supposedly caused any damages to Plaintiffs. Because Plaintiffs cannot point to any actionable conduct whatsoever solely attributable to either Mr. Daffron or Mr. Villarreal that caused Plaintiffs to sustain any damages, there is no reasonable possibility of recovery against either Mr. Daffron or Mr. Villarreal and they have been improperly joined in this case. See, e.g., *Marquez v. Allstate Texas Lloyds*, 2014 WL 710952, at *2 (S.D. Tex. Feb. 24, 2014) (adjuster improperly joined and dismissed, holding allegations insufficient where "Plaintiff serially allege[d] in conclusory language violations of numerous sections of the Texas Insurance Code, but d[id] not allege which of the broadly alleged misconduct of 'Defendants' [wa]s attributable specifically to [adjuster]"); *Landing Council of Co-Owners v. Federal Insurance Co.*, 2013 WL 530315, at *3-*4 (S.D. Tex. Feb. 11, 2013) (insurance agent improperly joined and dismissed where plaintiff "improperly lump[ed] [agent] in with the insurer in its list of legal causes of action without providing any factual basis for [agent's] individual responsibility"); *TAJ Properties, LLC v. Zurich American Insurance Co.*, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (adjuster improperly joined and dismissed, stating "[a]llegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster").

14.    Further, Plaintiffs have sued Mr. Daffron and Mr. Villarreal even though they had no involvement in State Farm Lloyds' December 2014 investigation of Plaintiffs' insurance claim or

---

[5] Because they are not parties to the policy of insurance under which Plaintiffs purport to be claiming in this lawsuit, neither Mr. Daffron nor Mr. Villarreal can be held liable for any contended breach of the common-law duty of good faith and fair dealing. See *Cavallini v. State Farm Mutual Automobile Insurance Co.*, 44 F.3d 256, 262 (5th Cir. 1995); see also *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-698 (Tex. 1994).

[6] Because they are not "insurers" within the meaning of Chapter 542 of the Texas Insurance Code, neither Mr. Daffron nor Mr. Villarreal can be held liable for any contended violation of the statute. See *Silvas v. Ohio Casualty Insurance Co.*, 2005 WL 2645015, at *2 (W.D. Tex. Aug. 2005).

the claim decision regarding it. Mr. Daffron and Mr. Villarreal did not engage in any of the contended conduct that supposedly forms the basis of Plaintiffs' allegations. See *Declaration of Charles Daffron & Declaration of Aurelio Villarreal* respectively attached as <u>Exhibits B & C</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes. Consequently, joinder of Mr. Daffron and Mr. Villarreal in this case is improper and Plaintiffs' purported causes of action against Mr. Daffron and Mr. Villarreal should be dismissed. See, e.g., *Santoy v. State Farm Lloyds*, 2014 WL 4064025, at *2 & *4 (S.D. Tex. Aug. 14, 2014) (adjusters improperly joined and dismissed, stating "Plaintiffs cannot stretch [the law] to cover individuals who have not dealt directly with their claim"); *Ixtapa, Inc. v. America First Insurance Co.*, No. 7:10-CV-00305, at p. 3-4 (S.D. Tex. filed October 25, 2010) (Order Denying Plaintiff's Motion to Remand) (adjuster improperly joined where her only involvement was responding to request for copy of claim denial by plaintiff's counsel); *Jimenez v. Travelers Indemnity Co.*, 2010 WL 1257802, at *4 (S.D. Tex. March 25, 2010) (denying remand where in-state adjuster named as defendant did not adjust claim).

15. While the burden of demonstrating improper joinder is a heavy one, the United States Fifth Circuit Court of Appeals has never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist. See *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); see also, e.g., *Reighard v. Allstate Texas Lloyds*, 2014 WL 68707, at *2 & n.22 (S.D. Tex. Jan. 8, 2014); *Moore v. State Farm Mutual Automobile Insurance Co.*, 2012 WL 3929930, at *2-*3 (S.D. Tex. Sept. 6, 2012); *Hayden v. Allstate Texas Lloyds*, 2011 WL 240388, at *3 (S.D. Tex. Jan. 20, 2011). "To the contrary, whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." See *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); see also *Druker v. Fortis Health*, 2007 WL 38322, at *5 (S.D. Tex. Jan. 4, 2007).

16. In limited circumstances, Texas law does permit claims against insurance representatives in their individual capacities under both the Insurance Code and the Deceptive Trade Practices – Consumer Protection Act. See *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007); see also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485-486 (Tex. 1998). For any such claims to be potentially viable, however, a plaintiff must at a minium show that the representative, as an individual, committed the particular statutory violation that caused the harm. See *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004). Such liability, if any, is certainly not automatic and certainly is not available against individuals who had no involvement in the claim adjustment at issue in this action. See, e.g., *Messersmith v. Nationwide Mutual Fire Insurance Co.*, 2014 WL 1347872, at *3 (N.D. Tex. April 7, 2014) (adjuster improperly joined as he "had no part of" the statutorily prohibited behavior alleged by plaintiff); *Lakewood Baptist Church v. Church Mutual Insurance Co.*, 2013 WL 3487588, at *2 (N.D. Tex. July 11, 2013) (adjusters improperly joined as plaintiff "cannot recover from adjusters who did not participate in the events underlying this action"); *Finkleman v. Liberty Mutual Fire Insurance Co.*, No. 4:09-CV-03855, at p. 19 & 22 (S.D. Tex. filed Feb. 4, 2010) (Memorandum Opinion and Order) (adjuster improperly joined where he only had "late and limited involvement in handling the claim").

17. Here, the "factual" allegations made in the Original Petition by Plaintiffs against Mr. Daffron and Mr. Villarreal provide no reasonable basis in law or fact upon which Plaintiffs can state a valid state law cause of action. Consequently, Plaintiffs' "factual" allegations provide no "factual fit" with any causes of action that Plaintiffs assert. See, e.g., *Ixtapa, Inc. v. America First Insurance Co.*, No. 7:10-CV-00305, at p. 3-4 (S.D. Tex. filed October 25, 2010) (Order Denying Plaintiff's Motion to Remand) (adjuster improperly joined where her only involvement was responding to request for copy of claim denial by plaintiff's counsel); *Jimenez v. Travelers Indemnity Co.*, 2010

WL 1257802, at *4 (S.D. Tex. March 25, 2010) (denying remand where in-state adjuster named as defendant did not adjust claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Co.*, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (improper joinder as no reasonable probability of recovery where adjuster had limited involvement in further investigation of plaintiff's claim after different adjuster had declined it).

18. Simply put, neither Mr. Daffron nor Mr. Villarreal had any involvement with the December 2014 investigation of Plaintiffs' insurance claim. Mr. Daffton and Mr. Villarreal had no participation whatsoever in the inspection of Plaintiffs' property or the underlying investigation or decision in December 2014. They never went to Plaintiffs' property; they never inspected any of the alleged damage to Plaintiffs' property; they did not document or measure any alleged damage to Plaintiffs' property; they did not prepare any estimates to repair any alleged damage to Plaintiffs' property; and they never spoke with Plaintiffs about their insurance claim. In sum, neither Mr. Daffron nor Mr. Villarreal engaged in any of the contended conduct that supposedly forms the basis of Plaintiffs' vague and generic allegations. See *Declaration of Charles Daffron & Declaration of Aurelio Villarreal* respectively attached as <u>Exhibits B & C</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes.

19. As such, Plaintiffs cannot establish and have no cognizable cause of action against Mr. Daffron or Mr. Villarreal in their individual capacities under any of the theories alleged in their Original Petition. Plaintiffs' claims against Mr. Daffron and Mr. Villarreal therefore cannot stand and should be dismissed. Further, the citizenship of Mr. Daffron and Mr. Villarreal should be disregarded for the purposes of determining diversity jurisdiction. See, e.g., *Santoy v. State Farm Lloyds*, 2014 WL 4064025, at *2 & *4 (S.D. Tex. Aug. 14, 2014); *Hernandez v. State Farm Lloyds*, No. 7:14-CV-00255, at p. 7 (S.D. Tex. filed Aug. 7, 2014) (Order [denying remand]); *Jimenez v. Travelers Indemnity Co.*, 2010 WL 1257802, at *4 (S.D. Tex. March 25, 2010).

### *Amount in Controversy*

20.     When, as in the instant case, a pleading fails to properly stipulate to damages or comply with the claims for relief requirements of Rule 47 of the Texas Rules of Civil Procedure, the court may determine the amount in controversy by analyzing the coverage limits of the policy at issue along with the requested damages. See *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see also *Santiago v. State Farm Lloyds*, 2013 WL 1880845, at *3 (S.D. Tex. May 3, 2013). The court is to take into account the full litany of damages that a plaintiff is seeking, including penalties, statutory damages, and punitive damages in calculating the amount in controversy. In addition, in an insurance case, statutory damages of eighteen percent (18%) per annum under section 542.060 (formerly part of article 21.55) of the Texas Insurance Code must be included in the amount in controversy. See *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998).

21.     Applied here, the amount in controversy in this case exceeds the federal jurisdictional threshold of $75,000.00, exclusive of interest and costs. Plaintiffs' Original Petition states that Plaintiffs are seeking to recover damages for the alleged breach of the subject insurance contract[7]. In addition, Plaintiffs ask for statutory treble damages under Chapter 541 (formerly article 21.21) of the Texas Insurance Code and under the DTPA; exemplary damages[8] for supposed breach of the common-law duty of good faith and fair dealing; an eighteen percent (18%) per annum penalty under Chapter 542 (formerly article 21.55) of the Texas Insurance Code; and damages for mental anguish. See *Plaintiffs' Original Petition* at § VI, p. 5; § VII, p. 6; § VIII, p. 7; § IX, pp. 9-10; § X, p. 10; &

---

[7] The insurance contract in issue in this action is subject to a Coverage A - Dwelling limit of $156,200.00 and a Coverage B - Personal Property limit of liability of $117,150.00.

[8] Note that a four-to-one ratio between "actual damages" and common-law "punitive damages" has been cited as being in compliance with constitutional due-process requirements. See *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 308 (Tex. 2006).

§ XIII, p. 12, included with the *Index of State Court Papers* attached as <u>Exhibit A</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes.

22. Further, on June 30, 2015, Plaintiffs' counsel sent State Farm Lloyds a demand later asserting that Plaintiffs were then claiming economic damages of $51,457.13; mental anguish damages of $2,572.86; and attorney fees of $16,980.85. The demand letter went on to state that "[b]ecause of the nature of the claims ... State Farm['s] [alleged] actions constitute 'knowing' violations of the DTPA and the Texas [Insurance] Code sufficient to allow the imposition of treble damages up to [three (3)] times economic damages." See *Plaintiffs' June 30, 2015 Demand Letter* at p. 4, attached as <u>Exhibit D</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes. It is therefore apparent that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

## THIS REMOVAL IS PROCEDURALLY CORRECT

23. This Notice of Removal is filed by State Farm Lloyds, Mr. Daffron, and Mr. Villarreal within thirty (30) days[9] after the earlier or earliest of the dates on which State Farm Lloyds, Mr. Daffron, or Mr. Villarreal were respectively served with Plaintiffs' Original Petition and citation[10]. See 28 U.S.C. § 1446(b) (2015). This Notice of Removal is also filed within one (1) year of commencement of Plaintiffs' lawsuit. See *id.*

---

[9] As earlier noted above in this Notice of Removal, Rule 6(a) of the Federal Rules of Civil Procedure applies to the determination of the proper deadline for removal under 28 U.S.C. § 1446(a) (2015). That is, if the thirtieth (30th) day for removal of an action to federal court falls on a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible, the proper deadline for removal is the next succeeding business day. See *Freeze v. Coastal Bend Foot Specialist*, 2006 WL 3487405, at *2 (S.D. Tex. Dec. 1, 2006).

[10] As mentioned above in this Notice of Removal, improperly joined defendants (here, Mr. Daffron and Mr. Villarreal) do not constitute first-served defendants for purposes of the thirty-day removal requirement. See *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); see also, e.g., *Hodges v. Hartford Insurance Co.*, 2006 W.L. 1983889, at *3 (N.D. Miss. July 12, 2006); *Henderson v. Ford Motor Co.*, 340 F.Supp.2d 722, 723-724 n.2 (N.D. Miss. 2004); *Harrod v. Zenon*, 2003 WL 21748687, at *5 (E.D. La. 2003).

24. State Farm Lloyds, Mr. Daffron[11], and Mr. Villarreal[12] join in and consent to the removal of this case to this Court.

25. As set forth in detail in this Notice of Removal, this Court has jurisdiction because there is complete diversity of citizenship between Plaintiffs on the one hand and State Farm Lloyds on the other. As also set forth in detail in this Notice of Removal, the citizenship of Mr. Daffron and Mr. Villarreal is to be disregarded because they are sham defendants who have been improperly joined to defeat diversity jurisdiction. As further set forth in detail in this Notice of Removal, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

26. Venue is proper in this district under 28 U.S.C. § 1446(a) (2015) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claim or claims allegedly happened in this district.

27. Pursuant to 28 U.S.C. § 1446(a) (2015), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit. Additionally, attached as Exhibit E hereto is a *List of Parties and Counsel* relating to this action and attached as Exhibit F hereto is an *Index of Matters Being Filed* in this action. Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

---

[11] An improperly joined defendant is not required to consent to the filing of a removal petition. See, e.g., *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); *Farias v. Bexar County Board of Trustees for Mental Health Retardation Services*, 925 F.2d 866, 871 (5th Cir.), cert. denied, 502 U.S. 866 (1991); *Hayden v. Allstate Texas Lloyds*, 2011 WL 240388, at *5 (S.D. Tex. Jan. 20, 2011). Out of an abundance of caution, however, Mr. Daffron and Mr. Villarreal do so.

[12] Note also that a defendant who has not then been properly served with a citation in a state court case need not consent to the removal of the case to federal court. See, e.g. *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988); *Hayden v. Allstate Texas Lloyds*, 2011 WL 240388, at *5 (S.D. Tex. Jan. 20, 2011).

28. Pursuant to 28 U.S.C. § 1446(d) (2015), promptly after State Farm Lloyds, Mr. Daffron, and Mr. Villarreal file this Notice of Removal, written notice thereof will be given to Plaintiffs, the adverse parties.

29. Pursuant to 28 U.S.C. § 1446(d) (2015), promptly after State Farm Lloyds, Mr. Daffron, and Mr. Villarreal file this Notice of Removal, a true and correct copy thereof will be filed with the Clerk of the District Court for Zapata County, Texas.

## REQUEST FOR JURY TRIAL

30. With the filing of this Notice of Removal, State Farm Lloyds, Mr. Daffron, and Mr. Villarreal respectfully request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION

31. Based on the foregoing, State Farm Lloyds, Charles Daffron, and Aurelio Villarreal respectfully request that this action be removed from the 49th Judicial District Court, Zapata County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division. State Farm Lloyds, Mr. Daffron, and Mr. Villarreal also respectfully ask that this Court enter such other and further orders as may be necessary or appropriate.

Respectfully submitted,

JONES, ANDREWS & ORTIZ, P.C.

By: /s/ Ray R. Oritz
Ray R. Ortiz / State Bar No. 15324280
Jonathan Law / State Bar No. 24028656
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
210-344-3900 Telephone
210-366-4301 Telecopier
ray@jao-law.com E-mail
jon@jao-law.com E-mail

**ATTORNEY-IN-CHARGE FOR STATE FARM LLOYDS, CHARLES DAFFRON, AND AURELIO VILLARREAL**

## CERTIFICATE OF SERVICE

On October 23, 2015, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Mr. Richard Kent Livesay
State Bar No. 00790057
Law Offices of R. Kent Livesay. P.C.
5319 South McColl Road
Edinburg, Texas 78539
956-686-5776 Telephone
956-686-0050 Telecopier
melissa@livesaylawfirm.com E-mail

                /s/ Ray R. Ortiz
                Ray R. Ortiz / Jonathan W. Law

*[Remainder of page intentionally left blank]*