# EXHIBIT A

## to Notice of Removal

*[Index of State Court Papers]*

EXHIBIT AS
INDICATED

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **JAIME BAUTISTA**<br>**and LETICIA BAUTISTA,** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | |
| | § | _5:15-cv-246_ |
| **STATE FARM LLOYDS,** | § | |
| **CHARLES EDWARD DAFFRON, JR.,** | § | |
| **and AURELIO VILLARREAL,** | § | |
| | § | |
| **Defendants** | § | **JURY REQUESTED** |

### INDEX OF STATE COURT PAPERS IN
### STATE COURT CAUSE NO. 9235

1. Civil Case Docket for Cause No. 9235, styled *Jaime Bautista, et al. v. State Farm Lloyds, et al.*, in the 49th Judicial District Court, Zapata County, Texas

2. Notice of Calendar Call

3. Citation to State Farm Lloyds

4. Citation to Charles Edward Daffron, Jr.

5. Citation to Aurelio Villarreal

6. Plaintiffs' Original Petition and Request for Rule 194.2 Disclosures

7. Letter from Plaintiffs' counsel to Zapata County District Clerk

8. Civil Case Information Sheet

*[Remainder of page intentionally left blank]*

# CIVIL DOCKET

CASE NO. 9,235

Scott-Merriman Inc. EPN1055594

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |
|---|---|---|---|---|

| | | | | Mo. | Day | Year |
|---|---|---|---|---|---|---|
| 9,235 | JAIME BAUTISTA AND LETICIA BAUTISTA | KENT LIVESAY | CONTRACT | SEPT. | 18 | 2015 |

vs.

STATE FARM LLOYDS, CHARLES E. DAFFRON JR., & AURELIO VILLARREAL

Plff.

Dft.

FEE BOOK

| Vol. | Page |
|---|---|

**DATE OF ORDERS**

| Month | Day | Year | Was Stenographer Used? | ORDERS OF COURT |
|---|---|---|---|---|
| SEPT. | 18 | 2015 | | PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR RULE 194.2 DISCLOSURES |
| SEPT. | 18 | 2015 | | ISSUED CITATION BY MAILING, STATE FARM LLOYDS C/O CORPORATION SERVICE CO. |
| SEPT. | 18 | 2015 | | ISSUED CITATION BY MAILING, CHARLES EDWARD DAFFRON, JR. |
| SEPT. | 18 | 2015 | | ISSUED CITATION BY MAILING, AURELIO VILLARREAL |

**MINUTE BOOK**

| Vol. | Page | PROCESS |
|---|---|---|

Jury Fee,

Paid By

Jury No.

Bil citations mailed to law office

A TRUE COPY OF THE ORIGINAL
I CERTIFY ON THIS DAY

OCT 16 2015

DORA MARA CASTAÑON, DISTRICT CLERK
ZAPATA COUNTY, TEXAS

BY _____ DEPUTY

# NOTICE OF CALENDAR CALL

## CAUSE NO. 9,235

### JAIME BAUTISTA AND LETICIA BAUTISTA

### VS.

### STATE FARM LLOYDS, CHARLES EDWARD DAFFRON, JR.

### AND AURELIO VILLARREAL

Please take notice that this case is set for Calendar Call on the 30TH day, NOVEMBER 2015, at 1:30 PM at the 49th District Court, 3rd Floor, Zapata County Courthouse.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date.  This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s); please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s); please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

**Noemi Elizondo**
**Civil Court Coordinator**
**Zapata 49th District Court**
**Tele: 956-765-9935**
**Fax: 956-765-9789**

# ***CITATION BY MAILING***

THE STATE OF TEXAS

TO:   STATE FARM LLOYDS C/O CORPORATION SERVICE COMPANY, 211 E. 7TH ST., STE. 620 AUSTIN, TEXAS 78701-3218

Defendant, in the hereinafter styled and numbered cause: 9,235

YOU ARE HEREBY COMMANDED to appear before the **49th District Court** of the City of Zapata, County of Zapata, Texas, by filing a written answer to the ORIGINAL PETITION at or before 10:00 A.M. of the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 9,235 styled JAIME BAUTISTA AND LETICIA BAUTISTA VS. STATE FARM LLOYDS, CHARLES EDWARD DAFFRON, JR. AND AURELIO VILLAREAL filed in said Court on the 18TH of SEPTEMBER 2015.  Plaintiff is represented by KENT LIVESAY whose address is 5319 SOUTH MCCOLL ROAD, EDINBURG, TEXAS 78539

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this 18TH day of SEPTEMBER, A.D. 2015.

(SEAL)

DORA MTZ-CASTAÑON
District Clerk of Zapata County, Texas
200 E. 7th Ave., Suite 119
Zapata, Texas 78076

By: *Elva a. Garcia*

Elva A. Garcia, Deputy Clerk

## NOTICE

You have been sued.  You may employ an attorney.  If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

# ***CITATION BY MAILING***

THE STATE OF TEXAS

TO:   CHARLES EDWARD DAFFRON, JR. 3106 SEAFOAM DRIVE, CORPUS CHRISTI, TEXAS 78418-3913

Defendant, in the hereinafter styled and numbered cause: 9,235

YOU ARE HEREBY COMMANDED to appear before the 49th **District Court** of the City of Zapata, County of Zapata, Texas, by filing a written answer to the ORIGINAL PETITION at or before 10:00 A.M. of the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 9,235 styled JAIME BAUTISTA AND LETICIA BAUTISTA VS. STATE FARM LLOYDS, CHARLES EDWARD DAFFRON, JR. AND AURELIO VILLAREAL filed in said Court on the 18TH of SEPTEMBER 2015. Plaintiff is represented by KENT LIVESAY whose address is 5319 SOUTH MCCOLL ROAD, EDINBURG, TEXAS 78539

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this 18TH day of SEPTEMBER, A.D. 2015.

(SEAL)

DORA MTZ-CASTAÑON
District Clerk of Zapata County, Texas
200 E. 7th Ave., Suite 119
Zapata, Texas 78076

By: _Elva a. Garcia_

Elva A. Garcia, Deputy Clerk

NOTICE

You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

# ***CITATION BY MAILING***

THE STATE OF TEXAS

TO:   AURELIO VILLARREAL 505 N. U.S. HIGHWAY 83, ZAPATA, TEXAS 78076

Defendant, in the hereinafter styled and numbered cause: 9,235

YOU ARE HEREBY COMMANDED to appear before the **49th District Court** of the City of Zapata, County of Zapata, Texas, by filing a written answer to the ORIGINAL PETITION at or before 10:00 A.M. of the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 9,235 styled JAIME BAUTISTA AND LETICIA BAUTISTA VS. STATE FARM LLOYDS, CHARLES EDWARD DAFFRON, JR. AND AURELIO VILLAREAL filed in said Court on the 18TH of SEPTEMBER 2015. Plaintiff is represented by KENT LIVESAY whose address is 5319 SOUTH MCCOLL ROAD, EDINBURG, TEXAS 78539

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this 18TH day of SEPTEMBER, A.D. 2015.

(SEAL)

DORA MTZ-CASTAÑON
District Clerk of Zapata County, Texas
200 E. 7th Ave., Suite 119
Zapata, Texas 78076

By:   *Elvia Garcia*

Elva A. Garcia, Deputy Clerk

NOTICE

You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

CAUSE NO. _____ 9,235

DORA ELIA CASTAÑON
DISTRICT CLERK

2015 SEP 18 A 1: 06

FILED
ZAPATA COUNTY, TEXAS

BY_____DEPUTY

| | | |
|---|---|---|
| JAIME BAUTISTA AND<br>LETICIA BAUTISTA<br>    Plaintiffs, | § § § § § § § § § § § | IN THE DISTRICT COURT |
| vs. | | 49th  JUDICIAL DISTRICT |
| STATE FARM LLOYDS,<br>CHARLES EDWARD DAFFRON, JR.,<br>AND AURELIO VILLARREAL,<br>    Defendants, | | ZAPATA COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, JAIME BAUTISTA AND LETICIA BAUTISTA, (hereinafter referred to as ("PLAINTIFFS"), and file their Original Petition against STATE FARM LLOYDS, CHARLES EDWARD DAFFRON, JR., and AURELIO VILLARREAL, (hereinafter collectively referred to as "DEFENDANTS") and for cause of action would respectfully show the Court the following:

### I.    Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intends to conduct discovery under Level 3.

### II.    Parties and Service

PLAINTIFFS own the following dwelling, policy and were assigned the following claim number:

| Clients | Address | Policy Number | Claim Number |
|---------|---------|---------------|--------------|
| Jaime & Leticia Bautista | 602 Zapata St. Zapata, Texas 78076 | 83-BE-R933-0 | 53-55L65-265 |

DEFENDANT STATE FARM LLOYDS is a Corporation doing business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving any of its officers at Corporation Service Center, 211 E 7th St. Ste 620, Austin, Texas 78701-3218.  Service may be perfected via Certified Mail Return Receipt Requested.

DEFENDANT CHARLES EDWARD DAFFRON, JR., upon information and belief is an individual who is a resident of Texas and is the insurance claims adjuster complained of in this matter, and may be served with process at 3106 Seafoam Dr., Corpus Christi, Texas 78418-3913.  Service may be perfected via Certified Mail Return Receipt Requested.

DEFENDANT AURELIO VILLARREAL upon information and belief is an individual who is is a resident of Texas and conducts business in Texas and is the insurance agent complained of in this matter, and may be served with process at 505 N. U.S. Highway 83, Zapata, Texas 78076-3259.  Service may be perfected via Certified Mail Return Receipt Requested.

III. Jurisdiction and Venue

Venue of this action is proper in Zapata County, Texas because the policy at issue was issued and delivered in Zapata County, Texas, because the property insured is situated in Zapata County, Texas, because PLAINTIFFS' losses occurred in Zapata County, Texas, and because all or

part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS'

claim and causes of action occurred In Zapata County, Texas.

Jurisdiction is proper in this state as the DEFENDANTS are conducting

business in the State of Texas. The insurance business done by the

DEFENDANTS in Texas includes, but is not limited to, the following:

1.      The making and issuing of contracts of insurance with PLAINTIFFS;

2.      The taking or receiving of application for insurance, including PLAINTIFFS' applications for insurance;

3.      The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from PLAINTIFFS;

4.      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including PLAINTIFFS; and

5.      The investigation and or adjustment of insurance claims within the state of Texas.

## IV.    Facts

DEFENDANTS and/or its agents committed the actions alleged against

DEFENDANTS in this complaint. DEFENDANTS provided coverage to the

PLAINTIFFS for such dwelling, personal property, and other matters under the

Insurance Policy.

PLAINTIFFS as listed above own a home in Zapata County and were

insured by DEFENDANTS. On or before September 2, 2013, the structures were

subjected to covered damages. PLAINTIFFS promptly reported their losses and

were assigned the claim number as listed above.

During the term of said policy, PLAINTIFFS sustained covered losses in the form of wind, hailstorm, and water damages resulting there from openings created by those perils, including damage to the architectural finishes of the property. The damages were from the hailstorm, which devastated property in Zapata County Texas.   As a result of the covered events, PLAINTIFFS' property sustained damages, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. The damages sustained by PLAINTIFFS' home were covered damages under the insurance policy. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a  damaged home during  the pendency of DEFENDANTS' claim decision.

### V.    Conditions Precedent

All notices and proofs of losses were timely and properly given to DEFENDANTS in such manner as to fully comply with the terms and conditions of the relevant insurance policy or other contracts and applicable law.  More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), were sent to DEFENDANTS. All of the conditions precedents to bring this suit under the insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFFS' recovery have occurred and/or have been performed, DEFENDANTS failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

## VI.    Breach of Contract

PLAINTIFFS purchased an insurance policy with DEFENDANTS. PLAINTIFFS' property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANTS have denied and/or delayed payment of PLAINTIFFS' covered claim. DEFENDANTS have no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claim for damages. DEFENDANTS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claim. The conduct of DEFENDANTS was irresponsible and unconscionable. DEFENDANTS took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANTS have, by its conduct, breached its contract with PLAINTIFFS. The conduct of DEFENDANTS has proximately caused damages to PLAINTIFFS.

## VII.    DTPA Violations

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANTS have engaged in the following violations of the DTPA, which, together and separately, has been a producing cause of PLAINTIFFS' damages:

(a)     DEFENDANTS made false representations about PLAINTIFFS' rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     DEFENDANTS' actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(l), (2), (3),

and (4) of the Texas Business & Commerce Code;

(c)    DEFENDANTS failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by DEFENDANTS at the time for the purpose of inducing PLAINTIFF into transactions which she would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, DEFENDANTS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANTS took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claim process, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFFS' property.

DEFENDANTS' conduct as described herein was a producing cause of damages to PLAINTIFFS for which they sue. The conduct of DEFENDANTS as more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of their conduct DEFENDANTS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.   Unfair Insurance Practices

DEFENDANTS failed to inform PLAINTIFFS of material facts such as the true scope of damage, terms of the policy, and cost to repair. DEFENDANTS failed to properly process the claim and have misrepresented material facts to PLAINTIFFS. DEFENDANTS have failed to address all damage to the property and its contents causing further damage to PLAINTIFFS.

Further, DEFENDANTS intentionally failed to fully investigate the losses; failed to properly convey all information to PLAINTIFFS and have intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which DEFENDANTS are fully aware. DEFENDANTS concealed damage known by them to exist. DEFENDANTS knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFFS attempted to dispute these charges on their own but were forced to hire their attorney when DEFENDANTS failed to respond.

By their conduct outlined above, DEFENDANTS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANTS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) DEFENDANTS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFFS' claims once liability becomes reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) DEFENDANTS failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) DEFENDANTS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     DEFENDANTS breached its duty of good faith and fair dealing at common law;

(5)     DEFENDANTS failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)     DEFENDANTS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)     DEFENDANTS compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)     DEFENDANTS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)     DEFENDANTS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)    DEFENDANTS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)     DEFENDANTS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)     the terms of the policy; and/or

(ii)    the benefits or advantages promised by the policy.

(b)     DEFENDANTS made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC section 21.203(1));

(c)     DEFENDANTS failed to state a material fact necessary to make other statements made not misleading considering

8

the circumstances under which statements were made; and

(d)    DEFENDANTS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)    DEFENDANTS are refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

The conduct of DEFENDANTS as described herein was a producing cause of damages to PLAINTIFFS.

IX.    Breach of the Duty of Good Faith and Fair Dealing

From and after the time PLAINTIFFS' claim was presented to DEFENDANTS, liability to pay the claim in accordance with the terms of the insurance policy referenced above has been reasonably clear.  Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFFS' claim. DEFENDANTS refused to accept the claims in totality and pay PLAINTIFFS as the policy required.  At that time, DEFENDANTS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. DEFENDANTS failed to conduct a reasonable and proper inspection of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim.

This constitutes failing to handle or process PLAINTIFFS' claim in good faith, an affirmative duty placed on the DEFENDANTS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135

(Tex. 1988). Through the actions described above, DEFENDANTS breached its duty to deal fairly and in good faith with PLAINTIFFS.

DEFENDANTS' breach was a proximate cause of the losses, expenses, and damages suffered by PLAINTIFFS for which they sue.

X.    Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of her claim to DEFENDANTS and DEFENDANTS engaged in unfair settlement claim practices as discussed above and denied and/or have delayed payment on PLAINTIFFS' claim. DEFENDANTS' investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANTS' minimal investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFFS' dispute the reliability of his investigative findings. DEFENDANTS have failed to comply with the requirements of Chapter 542 listed herein:

(a)    Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)    Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)    Failing to request all of the items, statements and forms the DEFENDANTS reasonably believed at the time would be required from PLAINTIFFS' to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS is entitled to recover from DEFENDANTS the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS' claim, together with

attorney's fees, for which they sue.

XI.

PLAINTIFFS alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS has substantially complied and/or is excused. In the alternative, PLAINTIFFS makes the allegation of waiver and/or estoppels as to every defense or exclusion plead by DEFENDANTS and furthermore would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by DEFENDANTS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with DEFENDANTS. In this regard, PLAINTIFFS would show that a similar insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state; including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFFS.

In the alternative, DEFENDANTS are judicially, administratively, or equitably stopped from denying PLAINTIFFS' construction of the policy coverages at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

## XII.

## REQUEST FOR RULE 194.2 DISCLOSURES

Under Texas Rule of Civil Procedure 194.2, PLAINTIFFS request that DEFENDANTS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS' such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Facsimile
melissa@livesaylawfirm.com


By:  /s/ R. Kent Livesay
        R. Kent Livesay
        Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFFS**

**Law Office of R. Kent Livesay, PC**

September 17, 2015

**VIA HAND DELIVERY**
Dora Martinez Castanon
ZAPATA COUNTY DISTRICT CLERK
200 E. 7th Avenue, Ste. 119
Zapata, Texas 78076

**RE:**   Cause No. _____; Jaime Bautista and Leticia Bautista v. State Farm Lloyds, Charles Edward Daffron, Jr. and Aurelio Villarreal; In the _____ Judicial District Court, Zapata County, Texas.

Dear Ms. Martinez Castanon:

Enclosed please find an original and copies of the following documents to be filed in connection with the above-referenced matter:

1) Civil Case Information Sheet; and
2) Plaintiffs' Original Petition.

Please file the original in your usual manner and return one filed stamped copy to our courier delivering same.

Also enclosed is our firm's draft in the amount of $296.00 made payable to you for the filing fee and issuance of citations.

We ask that you please issue citations as follows:

State Farm Lloyds              (By Certified Mail Return Receipt Requested)
c/o Corporation Service Company
211 E. 7th St., Ste. 620
Austin, Texas 78701-3218

Charles Edward Daffron, Jr.          (By Certified Mail Return Receipt Requested)
3106 Seafoam Dr.
Corpus Christi, Texas  78418-3913

And

Aurelio Villarreal          (By Certified Mail Return Receipt Requested)
505 N. U.S. Highway 83
Zapata, Texas  78076-3259

We ask that you please forward the citations to our office in the enclosed, self-addressed, stamped envelope.

Should you have any questions or comments, please feel free to contact me at your earliest convenience.

Sincerely,

THE LAW OFFICES OF R. KENT LIVESAY, PC

Melissa Espinoza, Paralegal to
R. Kent Livesay

ME:/
Enclosures

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* ___9,735___   COURT *(FOR CLERK USE ONLY):* ___49th___

STYLED JAIME BAUTISTA AND LETICIA BAUTISTA VS. STATE FARM LLOYDS, ET AL.
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Name: R. Kent Livesay

Email: melissa@livesaylawfirm.com

Address: 5319 S. McColl Rd.

Telephone: (956) 686-5776

City/State/Zip: Edinburg, Texas 78539

Fax: (956) 686-0050

Signature: *R. Kent Livesay WP*

State Bar No: 00790057

Plaintiff(s)/Petitioner(s):

Jaime Bautista and

Leticia Bautista

Defendant(s)/Respondent(s):

State Farm Lloyds,

Charles Edward Daffron, Jr. and

Aurelio Villareal

[Attach additional page as necessary to list all parties]

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|

### Contract

**Debt/Contract**
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

**Foreclosure**
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

### Injury or Damage

☐ Assault/Battery
☐ Construction
☐ Defamation
**Malpractice**
　☐ Accounting
　☐ Legal
　☐ Medical
　☐ Other Professional
　　Liability:

☐ Motor Vehicle Accident
☐ Premises
**Product Liability**
　☐ Asbestos/Silica
　☐ Other Product Liability
　　List Product:

☐ Other Injury or Damage:

### Real Property

☐ Eminent Domain/
　Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

### Related to Criminal Matters

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—
　Pre-indictment
☐ Other:

### Marriage Relationship

☐ Annulment
☐ Declare Marriage Void
**Divorce**
　☐ With Children
　☐ No Children

### Other Family Law

☐ Enforce Foreign
　Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities
　of Minority
☐ Other:

### Post-Judgment Actions (non-Title IV-D)

☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

### Title IV-D

☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

### Parent-Child Relationship

☐ Adoption/Adoption with
　Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental
　Rights
☐ Other Parent-Child:

### Employment

☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

### Other Civil

☐ Administrative Appeal
☐ Antitrust/Unfair
　Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

### Tax

☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health

**Probate/Wills/Intestate Administration**
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☒ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☒ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

DORA MTZ CASTAÑON
DISTRICT CLERK

2015 SEP 18   A 1: 06

FILED
ZAPATA COUNTY, TEXAS
BY_____DEPUTY